Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
# WESTERN DISTRICT OF PENNSYLVANIA

'06 DEC 19 P 3:21

U.S.A. vs. FRANK CLEMENT                                         Docket No. 02-00005-001 Erie

CLERK
U.S. DISTRICT COURT

### Petition on Supervised Release

      COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of FRANK CLEMENT, who was placed on supervision by the Honorable Sean J. McLaughlin sitting in the Court at Erie, Pennsylvania, on the 5th day of November 2002, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm.
- The defendant shall participate in a sex offender treatment program as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.
- The defendant shall not possess any material associated with child pornography. Further, he shall refrain from accessing via computer any material that relates to the activity in which the defendant was engaged in committing the instant offense, namely, Possession of Material Depicting the Sexual Exploitation of a Minor.
- The defendant shall not have any unsupervised contact with any person under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved in advance by the probation officer.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.
- In accordance with 18 U.S.C. §§ 3583(d) and 4042(c)(4)(c), the defendant shall report the address where he will reside and any subsequent change of address to the probation officer responsible for the defendant's supervision, and further, the defendant shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.
- The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- The defendant shall pay to the United States a special assessment of $100.

11-05-02:      Possession of Material Depicting the Sexual Exploitation of a Minor; Sentenced to 39 months' custody of the Bureau of Prisons, to be followed by 3 years' supervised release.

10-07-05:      Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde.

U.S.A. vs. FRANK CLEMENT
Docket No. 02-00005-001 Erie
Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that on November 24, 2006, sexual material of an explicit nature was found to be in Mr. Clement's possession. Mr. Clement received and sent images of a sexual nature via his cellular telephone. It was determined by the probation office that Mr. Clement had not only been sending images, but he also received messages, via the cellular telephone's text messaging capabilities. The images included partially nude pictures of a girl, believed to be of legal age, from the waist up and also partially clothed from the waist down. There was one picture of Mr. Clement standing in front of a mirror, with only underwear on, and appearing to be fondling himself. Additionally, there was a video on the device which was of Mr. Clement nude, fondling himself. It should be noted that the cellular telephone in question was also a "camera phone." Mr. Clement also admitted that he met several women through a telephone "chat line," and he engaged in some high risk, reckless sexual behavior with these women.

On November 27, 2006, the sex offender treatment provider was contacted by the probation office and was informed of the events of November 24, 2006, what had been found to be in Mr. Clement's possession, and also his admittance to high risk sexual behavior. The treatment provider agreed that the behavior exhibited by Mr. Clement posed a threat to any rehabilitative efforts and that additional conditions of supervision should be imposed to address this issue.

As a result, on December 4, 2006, Mr. Clement signed a Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Time of Supervision), in which he agreed to the following modifications of supervision:  1) The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing"sexually explicit conduct" as defined at 18 U.S.C. § 2256(2).  2) The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of his computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), at his expense, any hardware/software to monitor his computer use or prevent access to particular materials. The defendant shall consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.  3) The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software), all passwords used by him, his Internet Service Provider(s), and will abide by the rules of the Computer Restriction and Monitoring Program.  4) The defendant shall submit his person, residence, place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises and his computer may be subject to a search pursuant to this condition.

PRAYING THAT THE COURT WILL ORDER that the releasee:

1. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing    "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2).

U.S.A. vs. FRANK CLEMENT
Docket No. 02-00005-001 Erie
Page 3

2. The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of his computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), at his expense, any hardware/software to monitor his computer use or prevent access to particular materials. The defendant shall consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

3. The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software), all passwords used by him, his Internet Service Provider(s), and will abide by the rules of the Computer Restriction and Monitoring Program.

4. The defendant shall submit his person, residence, place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises and his computer may be subject to a search pursuant to this condition.

ORDER OF COURT

Considered and ordered this _____ day of _____ , 20 ____ and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____
David J. Conde
U.S. Probation Officer

_____
Gerald F. Buban
Supervising U.S. Probation Officer

Place:   Erie, PA